FORET, Judge.
The plaintiff in this action, Chester Allien, sustained an accidental gunshot wound. Plaintiff brought suit against several companies and one individual who he claimed were involved in the manufacture or sale of products whose defective condition had caused his injury. Made defendants were Humphries Motors, Inc., Jimmy Humphries, General Motors Corp. (GMC), and O.F. Mossberg & Sons, Inc. This matter came to trial on November 13, 1985. Following plaintiff’s presentation of his case, all defendants made motions for involuntary dismissal. On November 26, 1985, the trial court granted a judgment of involuntary dismissal in favor of defendants, Humphries Motors, Inc. and GMC. On December 5, 1985, the trial court granted a judgment of involuntary dismissal in favor of Jimmy Humphries. On January 13, 1986, the trial court granted judgment of involuntary dismissal in favor of O.F. Mossberg & Sons, Inc. Plaintiff has appealed these involuntary dismissals, but, due to plaintiff’s using an unauthorized procedure for filing his motion[1], the trial court did not sign the order of appeal until February 10, 1986. As a result, plaintiff’s appeal was not timely filed as to Hum-phries Motors, Inc. and GMC, and on motion to do so we previously dismissed the appeal as to these defendants. The appeal now before us presents us only with the propriety of the trial court’s ordering involuntary dismissals of defendants, Jimmy Humphries and O.F. Mossberg & Sons, Inc.
FACTS
Plaintiff, Chester Allien, purchased a used 1974 Chevrolet pickup truck from Humphries Motors, Inc. in Jena, Louisiana, on October 3, 1980. The following day, plaintiff brought the truck back to Hum-phries Motors complaining that a noise had developed in the engine. Some work was done on the truck that day and plaintiff drove it home. The following day, a Friday, the noise returned, and plaintiff brought the truck back to Humphries Motors. Employees of Humphries Motors began making repairs on the truck but were unable to finish by the end of the day. Defendant was told that if he would return Monday, the repairs would be completed.
The next day plaintiff drove his truck on a hunting trip, accompanied by his girlfriend. Along the way, plaintiff stopped his truck and loaded his twelve-gauge shotgun. Plaintiff placed the loaded shotgun, which did not have a safety, but which he left at half breech, between his left leg and the door of the truck. As they neared the place where plaintiff planned to go hunting, plaintiff and his girlfriend heard a loud noise which emanated from the truck. Plaintiff slowed to a stop, by which time smoke was coming from underneath the hood of the truck. Plaintiff opened his door and got out of the truck. Unfortunately, plaintiff did not remember that he had placed his loaded shotgun against the truck’s door and, with the truck door open, the shotgun fell and, upon impact, went off, wounding plaintiff in the back.
JIMMY HUMPHRIES
Humphries was a salesman who sold the truck to plaintiff. At trial, Hum-phries testified that he had driven the truck on two occasions and that the truck seemed to be running well. Humphries did not perform any of the mechanical repairs on the truck, and there is no evidence that he had any particular knowledge of any defect. Humphries was not the seller of the car, the seller being Humphries Motors, Inc., a corporate entity. There is no evidence of any actionable fault on the part of Jimmy Humphries. Plaintiff has put forth no legal theory which would support a finding of liability. The trial court properly ordered the involuntary dismissal of Jimmy Humphries.
O.F. MOSSBERG & SONS, INC.
Plaintiff sued O.F. Mossberg & Sons, Inc., the manufacturer of the shotgun, claiming that the gun was defective due to a tendency to go off when dropped and *501 that this defect was a contributing cause of his injuries. Mossberg does not dispute that at the time of the accident the gun was unsafe for normal use. It contends, however, that the gun was unsafe due to the removal of the safety. It points out an unknown person or persons had modified the gun which it had manufactured some twenty years before the accident, and that the modification was not authorized by it.
In order for a plaintiff to prevail in a products liability case, he must prove that the unreasonably dangerous condition existed at the time the product left the manufacturer’s control and that the product reached the user in essentially the same defective condition. Bell v. Jet Wheel Blast, Div. of Ervin Ind., 462 So.2d 166 (La.1985); Halphen v. Johns-Manville Sales Corp., 484 So.2d 110 (La.1986).
At trial, there was evidence that the removal of the safety affected the internal workings of the gun and made it more susceptible to going off when dropped. Based on this evidence, the trial court found that the defective condition of the gun arose after it left the control of O.F. Mossberg & Sons, Inc. The record adequately supports this finding of the trial court. Under the circumstances, plaintiff has failed to prove any liability on the part of O.F. Mossberg & Sons, Inc. for his injuries.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.

. Plaintiff mailed his motion for appeal to the trial judge’s office rather than filing it with the Clerk of Court as required by LSA-C.C.P. art. 253.